## C. J. CARLSON

### *v.*

### STATE OF ILLINOIS.

#### *Opinion filed March 8, 1923.*

GOVERNMENTAL FUNCTION—*when State not liable.* The State in conducting the Illinois Penitentiary at Joliet, exercises a governmental function and is not liable for injuries sustained by its employees while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*limitation under the rule.* While the Court as a matter of social justice and equity may award compensation to an injured employee of the State engaged in a hazardous employment, yet there must be some limitation within which the State would be free from an obligation of this nature, and five years is long enough time to keep the gates open under the equitable and social justice rule.

Edward J. Brundage, Attorney General, for State.

This is a claim filed by C. J. Carlson who was employed on the 2nd day of December, 1917, and for a number of years prior thereto as a guard or a keeper at the Illinois State penitentiary at Joliet and on the night of said day he had general supervision as night captain of the said penitentiary; that in the discharge of his duties he was required to make regular rounds of the various buildings to ascertain that the prisoners were all confined; that on said day there was confined in said prison in solitary confinement about seventeen convicts who were in course of being disciplined; that while he was engaged he was attacked by three convicts and was beaten about the head with a club and iron bars; that by result of said beating he was inflicted with eight cuts about three or four inches long that caused depression of the skull. As a result of such attack the claimant was confined in the hospital of said penitentiary for a period of one week and was unable to resume his duties for a period of three weeks; that he suffered repeatedly with headache, nervousness and sleeplessness and that he suffered considerable pain and inconvenience that apparently increased as time went on. The defendant, the State of Illinois, by its Attorney General, comes and files a demurrer; also a plea of Statute of Limitations.

It is the opinion of the Court as it has been repeatedly held by this Court that there is no legal liability on the part of the State and all that remains for the consideration of this Court is the consideration of the rule of equity and social justice and in view of the fact allowances are made in these cases as it has been repeatedly held by this Court, only on account of a desire to assist worthy employees while engaged in extra hazardous occupation, yet there must be some limitation, otherwise the time would never come during the lifetime at least of the claimant or

during the administration of his estate when the State would be free from this sort of an obligation.

It is the opinion of this Court that five years is long enough time to keep the gates open under the equitable and social justice rule when if the defendant were a private corporation or an individual, the time for legal relief in the Courts would have passed to the utmost certainty.

Therefore while this Court sympathizes with this claimant, yet we are impelled by a duty to the people of the State of Illinois to disallow this claim for the reasons stated.

The demurrer is hereby sustained as well as the plea of the Statute of Limitations.